Peelle, J.,
delivered the opinion o.f the court:
The claim in- this case was transmitted to the court September 30,1899, by the Secretary of the Treasury under section 2 of the act of March 3, 1883, at the request of the Auditor for the War Department, as presenting controverted questions of fact and law upon which the Department desired the decision of the court for its guidance and action.
After the case came to this court an auditor was appointed to examine the matter and state an account between the claimant and the United States, which was done, and the auditor hied his report herein .1 une 7, 1902, to which no exceptions have been tiled by either partjr; and on June 16, by agreement of the parties, the case was submitted to the court for final action.
Since the reference of the claim the court has passed upon similar claims in the cases of the States of Maine, Pennsylvania, New Hampshire, and Rhode Island, wherein the court announced the principles upon which the claims should be adjusted in the Department, and upon those principles detei-mined the amounts due under the decision in the case of the United States v. The State of New York (160 U. S., 598); that is to say, upon the payment to the State, and her acceptance of the principal sum properly expended by her, the interest should cease, for the reason that with said principal sum in her treasury the State could indemnify herself against thereafter accruing interest on her bonds either by loaning the money to meet her interest obligations or by depositing *526 the same in some interest-paying bank, as was done by the State of New York as to a portion of the canal fund, and for which the United States was given credit in the New York case; or the State, at her election, could use the money to meet her other obligations — in either of which events the United States, from the time they so paid said principal sum, would be entitled to credit for reasonable interest thereon as against interest accruing on such bonds subsequent to such payment.
The conclusion of the court thus reached was certified to the Secretary of the Treasury, who acquiesced in the action of the court and certified the several claims to the Congress for payment; and the Congress, by the act of February 14, 1902, ratified the action of the court by making appropriations to pay the several amounts so allowed.
And by said act it was provided:
“And the claims of like character arising under the act of Congress of July twenty seven, eighteen hundred and sixty-one (twelfth Statute, page two hundred and seventy-six), and joint resolution of March eight, eighteen hundred and sixty-two (twelfth Statute, page six hundred and fifteen), as interpreted and applied by the Supreme Court of the United States in the case of the State of New York against the United States, decided January six, eighteen hundred and ninety-six (one hundred and sixtieth United States Reports, page five hundred and ninety-eight), not heretofore allowed, or heretofore disallowed, by the accounting officers of the Treasury, shall be reopened, examined, and allowed, and, if deemed necessaiy, shall be transmitted to the Court of Claims for findings of fact or determination of disputed questions of law to aid in the settlement of the claims by the accounting-officers.”
The act referred to reopens the claims of like character with those for which the appropriation was made as aforesaid and charges the accounting officers with the settlement thereof; and the accounting officers having acted in the premises and reported their action to Congress, with the apparent acquiescence of the Department, it is deemed that further action by the court is unnecessary.
For the reasons given, we herewith return to the Secretary of the Treasury all the papers transmitted to the court, together with the report of the auditor of the court, for the information of the accounting officers.
*527 The clerk is directed to certify this opinion, together with the papers indicated, to the Secretary of the Treasury.
Nott, Ch. J., was not present when this case was considered and took no part in the decision.'